### STATE v. DAVID B. JONES.

It is no ground for arresting a judgment because the jury did not find on which count in an indictment for arson, the defendant was guilty; the first count being the only one charging the defendant, the second charging others as aiders and abetters.

The Act of 1870-'71, chap. 267, applies only to offences committed after its passage; and does not repeal the Act of 1868-'69, chap. 20, as to any offense committed before.

INDICTMENT, arson, tried before *Clarke, J.,* at the Spring Term, 1863, of the Superior Court of WAYNE county.

The defendant, with two others not taken, was charged with the burning of the dwelling house of one Mirand Wise on the night of the 11th of February, 1871. The indictment, under the Act of the 10th of April, 1869, contained two counts: the first, charging the prisoner with one Howard and Underwood with burning the house; and the second, charging that Howard and Underwood were present with the prisoner, aiding and abetting the commission of the offense.

On the trial below, after the charge of his Honor, the defendant's counsel ask one for instruction, which was given.

There was a verdict of guilty. Motion for a new trial; motion refused. The defendant's counsel moved to arrest the judgment on the ground that the jury in their verdict failed to say on which of the two counts in the indictment they find the defendant guilty. Motion refused. Judgment and appeal.

No counsel for the prisoner in this Court.
*Attorney General Hargrove,* for the State.

RODMAN, J. The defendant moves in arrest of judgment, because,

1. The jury did not find on which count he was guilty.

An answer to this is that the first count was the only one which charged the defendant, consequently the verdict could apply to that only. The second count was against two other persons as aiders, &c., who were not on trial.

2. That the Act of 1868–'69, upon which the indictment was framed, had been repealed before the trial by the Act of 1870–'71, chap. 222.

But this last Act applies only to offenses committed after its passage, and does not profess to repeal the prior act as to any offenses committed before. The offense is charged to have been committed before the passage of the Act of 1870–'71.

There is no error.

Let this opinion be certified.

PER CURIAM.            Judgment affirmed.